BARRY DOUGLAS TUTTLEMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tuttleman v. Comm'r
Docket No. 24450-90 United States Tax Court
T.C. Memo 1992-2; 1992 Tax Ct. Memo LEXIS 7; 63 T.C.M. (CCH) 1702; 992 T.C.M. (RIA) 92002; January 2, 1992, Filed *7 An appropriate order of dismissal for lack of jurisdiction will be entered. Stanley Friedman, for the petitioner. Debra Moe, for the respondent. DAWSON, Judge. DAWSON
MEMORANDUM OPINION This case was assigned to Special Trial Judge Stanley J. Goldberg pursuant to the provisions of section 7443A(b)(4) and Rules 180, 181, and 183. [1] The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GOLDBERG, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not filed within the time prescribed by section 6213(a). Petitioner filed a timely objection. He contends that the notice of deficiency was not mailed to his last known address, within the meaning of section 6212(b)(1). *8 He seeks to invoke our jurisdiction, arguing that the period for filing his petition should be extended. In a notice of deficiency dated July 25, 1990, and addressed to petitioner at 5089 Country Club Drive, Rohnert Park, CA 94928, respondent determined the following deficiencies in and additions to tax for 1987 and 1988: Additions to Tax Under Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(1)(A)
1987
$ 4,498
-0-
NA
$ 225
1988
16,190
$ 4,048
$ 810
NA
Additions to Tax Under Sections
Year
6653(a)(1)(B)
6654(a)
6661
1987
*
-0-
-0-
1988
NA
$ 1,036
$ 4,048
Previously, respondent had sent petitioner two identical notices of deficiency dated May 16, 1990, one addressed to petitioner at 15 Quail Way, Freedom, CA 95076, and the second addressed to petitioner at 6560 Empire Grade, Santa Cruz, CA 95060. Both were returned undelivered. *9 The May 16, 1990, notice of deficiency addressed to petitioner at 15 Quail Way, Freedom CA 95076, was the address on petitioner's 1987 and 1988 Federal income tax returns. The envelope bears notations of three dates of attempted delivery: May 24, May 30, and June 9. It was then returned to the sender as "Unclaimed" and stamped "received" by the Internal Revenue Service at San Jose, California, on June 12, 1990. The duplicate May 16, 1990, notice of deficiency addressed to petitioner at 6560 Empire Grade, Santa Cruz CA 95060, was the address in respondent's administrative file. This envelope, marked "Returned to Sender -- No Such #", was returned to the sender and stamped "received" by the Internal Revenue Service at San Jose, California, on May 22, 1990. A check of respondent's computer system, the Audit Information Management System ("AIMS"), yielded the following address as having been used by petitioner on his 1989 income tax return: 5089 Country Club Drive Rohnert Park, CA 94928
The July 25, 1990, notice of deficiency, which was mailed to this address, is the one which is the basis for the petition filed in this case. Prior to the time in question, petitioner *10 had been in prison for possession of an unregistered firearm. The record does not contain the dates of petitioner's incarceration, but indicates that he was free on bail in June 1990. His Presentence Report and a letter addressed to him by the Pretrial Services Agency of the United States District Court for the Northern District of California use 6560 Empire Grade, Santa Cruz, CA 95060, as petitioner's address. Petitioner claims that he never lived at the Country Club Drive address, and that this was the address of a friend which he used in February 1989 only to obtain a driver's license after being released from prison. Petitioner claims that his actual address was 6560 Empire Grade, Santa Cruz, CA 95060, an address in the Santa Cruz Mountains which lacks a proper mailbox. Petitioner actually received the notice of deficiency on or about September 15, 1990. The 90-day period for filing a petition with this Court expired on Tuesday, October 23, 1990, which date was not a legal holiday in the District of Columbia. The envelope containing the petition bears a private postage meter date of Thursday, October 25, 1990, and a United States Postal Service cancellation mark of Friday, *11 October 26, 1990. These dates are the 92d and 93d days, respectively, after the expiration of the 90-day filing period. The petition was filed with this Court on Tuesday, October 30, 1990, 97 days after the July 25, 1990, date of the notice of deficiency. The jurisdiction of this Court is governed by statute. Sec. 7442. It is well established that to maintain an action in this Court, there must be a valid notice of deficiency and a timely filed petition. Secs. 6212 and 6213; ; ; . A valid notice of deficiency has been issued if it is mailed to the taxpayer's last known address by certified or registered mail. Sec. 6212(a) and (b). If respondent notifies the taxpayer in compliance with section 6212 by notice addressed to him inside the United States, such taxpayer, as in this case, has 90 days after the mailing of the notice of deficiency to petition this Court for redetermination of the deficiency determined by respondent. Sec. 6213(a). The validity of a notice of deficiency *12 does not depend on receipt by the taxpayer, but rather upon proper mailing to the taxpayer's last known address. , affg. per curiam ; , affg. on other grounds ; . Once the notice of deficiency is mailed to the taxpayer's last known address, nothing in the Code requires respondent to take additional steps to effectuate delivery. ; . A taxpayer's last known address is that used on his most recent return, unless the taxpayer communicates to the IRS "clear and concise" notice of a change of address. ; , affd. without published opinion . Even if *13 a notice of deficiency is not mailed to a taxpayer's last known address, it is nevertheless valid if it is actually received in sufficient time for the taxpayer to file a timely petition. ; ; . In this case the notice was sent to the "last known address" within the meaning of section 6212(b)(1) because respondent mailed it to the address on petitioner's 1989 tax return, the last return filed. This address was obtained by a search of respondent's computer file, as required by Not only was the notice mailed to petitioner's last known address, but it was actually received by petitioner in time for a timely petition to be filed. Petitioner, citing , argues that due to his incarceration, respondent had a duty to request his address from the Bureau of Alcohol, Tobacco, and Firearms or the district court. The Keeton case can be distinguished in two ways: first, respondent *14 was directly involved in the prosecution for criminal tax evasion in that case, and second, the taxpayer was actually in prison when the notice of deficiency was issued. Here, by contrast, respondent had already sent a notice of deficiency on May 16, 1990, to the address which he would have obtained had he contacted these authorities, 6560 Empire Grade, Santa Cruz, CA 95060, and it had been returned with the indication that there was no such address. There is no evidence in the record that respondent was authorized by a valid power of attorney executed by petitioner to contact petitioner's attorney or any other representative. The facts belie petitioner's contention that he used the Country Club Drive address only to obtain a driver's license. This was the address which he used in his petition filed with this Court, later claiming it to be a mistake. By virtue of the fact that he used it as his address for the filing of his 1989 Federal income tax return, it was petitioner's "last known address" within the meaning of section 6212(b)(1). In addition, the notice of deficiency had been sent to the Empire Grade address, where petitioner claims he lived, and, furthermore, it was *15 actually received in time to file a petition. Therefore, because the petition was not filed within the 90-day period provided by section 6213(a), we have no jurisdiction. Accordingly, respondent's Motion to Dismiss for Lack of Jurisdiction will be granted. An appropriate order of dismissal for lack of jurisdiction will be entered. Footnotes
1. All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50 percent of the interest due on the underpayment of tax attributable to negligence or intentional disregard of rules or regulations.↩